## BRENNAN v. LUMBERMENS MUT. CASUALTY CO.

### No. 6721.

District Court, D. Massachusetts.

Dec. 16, 1938.

Ernest C. Johnson, of Boston, Mass., for plaintiff.

John DeCourcy and Arthur F. Bickford, (of Hurlburt, Jones & Hall), all of Boston, Mass., for defendant.

FORD, District Judge.

This is an action for slander, the plaintiff's declaration being in five counts. A hearing was had by me on the defendant's demurrer to the plaintiff's declaration. Neither the plaintiff nor the plaintiff's counsel, although properly notified, appeared at the hearing.

Each of the five counts of the declaration alleges that the defendant corporation by its officer, agent, or servant, falsely and maliciously accused the plaintiff by innuendo, in the same alleged slanderous words, of a separate crime, in the following order, larceny, forgery, accessory before the fact of larceny, conspiracy, and receiving stolen property. The alleged slanderous words were that the defendant's agent said to the plaintiff, "If you are not guilty of pulling the Kirkwood job, and that's not the first one you have done, what are you so excited about." To which the plaintiff said, "Oh, so you didn't mean what you said when you apologized. You now say that I am guilty of forgery and larceny on that Kirkwood case and on other cases and what you told Kirkwood and what you told me over the 'phone is true." To which the defendant's agent said, "Yes, I do." And to which the plaintiff said, "Remember what you have said. You will be called upon at another time and place to answer for these charges."

What the defendant's agent referred to in using the words, "yes, I do," is not at all apparent. It is not clear whether these words referred to an apology previously made, an accusation of forgery and larceny, or some conversation over the telephone; and it is not clear to me that the defendant's agent said what the plaintiff says he did, viz.: "that I am guilty of forgery and larceny on the Kirkwood case." The whole is confusing.

 This action arose and the demurrer considered herein was filed more than two years before the effective date of the new Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and it is my opinion that it would not be feasible to apply them in this particular case.

Hence, the practice, pleading, modes of proceeding and the laws of this State are applicable to the present case. Title 28 U.S.C. Sections 724, 725, 28 U.S.C.A. §§ 724, 725; Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

Chapter 231, Section 7, Clause 2, of the Massachusetts General Laws.(Ter.Ed.), is as follows: "The declaration shall state concisely and with substantial certainty the substantive facts necessary to constitute the cause of action."

The plaintiff's declaration falls short of meeting these requirements. The allegations contained in it are not clear and concise and there is a positive lack of substantial certainty in the allegations of fact necessary to constitute an action for slander.

In view of this conclusion that the declaration is demurrable on this ground, I will not consider the other grounds relied upon by the defendant, except on motion.

Demurrer sustained.